UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SANDY ANN GARCIA,
    *Plaintiff*,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,
    *Defendant*.

C.A. No. _____ 5:22-cv-111

# NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Reliance Standard Life Insurance Company ("Reliance") files this Notice of Removal and respectfully shows as follows:

## I.
## PROCEDURAL BACKGROUND

1. Reliance is party to an action commenced against it by Plaintiff Sandy Ann Garcia in the 288th Judicial District Court of Bexar County, Texas, captioned as Cause No. 2022-CI-00454, Sandy Ann Garcia v. Reliance Standard Life Insurance Company (the "State Action"). True and correct copies of all executed process in the case, pleadings asserting causes of action, orders signed by the state judge, and the docket sheet, along with an index of matters being filed are attached hereto as Exhibit "A."

2. Reliance was served with Plaintiff's Original Petition in the state action (the "Petition") on January 14, 2022. Thus, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b)(1).

## II.
## DIVERSITY JURISDICTION

1

3. Removal is proper as there is complete diversity between the proper parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

4. Plaintiff is now, and was at the time the state action was filed, a citizen and resident of Bexar County, Texas. (Pl.'s Pet. ¶ 3.)

5. Reliance is now, and was at the time the state action was filed, an Illinois corporation with its principal place of business located in the Commonwealth of Pennsylvania.

6. The amount in controversy for this matter exceeds $75,000. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

7. In the Petition, Plaintiff makes a claim for long-term disability ("LTD") benefits. (Pl.'s Pet. ¶¶ 11-12, 26) Plaintiff further alleges that Reliance violated Chapters 541 and 542 of the Texas Insurance Code, and that she is entitled to statutory penalty interest in the amount of 18%. (*Id.* at ¶¶ 16-17, 22-24, 26) Plaintiff further alleges that Reliance violated the Texas Deceptive Trade Practices Act ("DTPA"), and that she is entitled to awards for mental anguish and treble damages. (*Id.* at ¶¶ 25-26)

8. Plaintiff does not seek a specific amount of damage in her Petition; stating only that she seeks "monetary relief of not more than $1,000,000." (*Id.* at ¶ 2.) Plaintiff alleges that she

became "totally disabled" on or around June 28, 2021, and seeks all payments that are allegedly owed to her under the Policy. (*Id.* at ¶¶ 8, 10, 26-27.)

9.      A plaintiff who prevails on a cause of action under the Texas Insurance Code may be awarded "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees," as well as statutory interest at the rate of 18% and treble damages. Tex. Ins. Code §§ 541.152(a)(1), (b); 542.060. Such statutory damages, attorney's fees, and interest under the Texas Insurance Code "must be included in calculating the amount in controversy" for the purpose of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998).

10.     Damages available to a prevailing plaintiff under the DTPA are economic damages found by the trier of fact; however, if the trier of fact finds that the conduct of the defendant was committed "knowingly," the plaintiff may also recover damages for any mental anguish Tex. Bus. & Com. Code § 17.50(b)(1); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). Additionally, if the trier of fact finds that the conduct of the defendant was committed "knowingly," the trier of fact is empowered to award up to three times the amount of economic damages. Tex. Bus. & Com. Code § 17.50(b)(1). Further still, if the trier of fact also finds the conduct was committed intentionally, this finding not only entitles the plaintiff to recover damages for any mental anguish, it also empowers the trier of fact to award up to three times the amount of damages for both mental anguish and economic damages. *Id.*; *Chapa,* 212 S.W.3d at 307 n.27. When a plaintiff pleads that a defendant acted "knowingly" and/or "intentionally" under the DTPA (as Plaintiff has done here), the court considers the amounts for mental anguish and treble damages for purposes of determining the amount in controversy. *Martin v. Home Depot U.S.A., Inc.*, No. A-03-CA-475 SS, 2003 U.S. Dist. LEXIS 26276, at *17-26 (W.D. Tex. 2003).

266241674v.1

11. Thus, although Reliance denies that Plaintiff is entitled to such relief, it is apparent from the face of Plaintiff's Petition that her claim exceeds $75,000 for purposes of diversity jurisdiction. Therefore, because Plaintiff's claim for damages potentially exceeds the jurisdictional amount, this Court may exercise diversity jurisdiction over this case.

12. Accordingly, this matter may properly be removed by Reliance to the United States District Court for the Western District of Texas – San Antonio Division.

### III.
### NOTICE GIVEN

13. Reliance has given notice of this Removal to Plaintiff and to the 288th Judicial District Court of Bexar County, Texas.

### IV.
### CONCLUSION AND PRAYER

WHEREFORE, Defendant Reliance Standard Life Insurance Company prays that this action be removed to the United States District Court for the Western District of Texas – San Antonio Division, from the 288th Judicial District Court of Bexar County, Texas.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: */s/Linda P. Wills*
Linda P. Wills
State Bar No. 21661400
909 Fannin St., Suite 3300
Houston, Texas 77010
Tel:  (713) 353-2000
Fax:  (713) 785-7780
linda.wills@wilsonelser.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT RELIANCE STANDARD LIFE INSURANCE COMPANY**

266241674v.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2022, a true and correct copy of the foregoing instrument was delivered to all parties and counsel of record in accordance with the Federal Rules of Civil Procedure.

>/s/Linda P. Wills
Linda P. Wills

266241674v.1